UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANCH BANKING AND TRUST
COMPANY, a North Carolina corporation,

    Plaintiff,

v.

27TH & SOUTHERN HOLDING, LLC, a
Nevada limited liability corporation, YOEL
INY; NOAM SCHWARTZ; YOEL INY,
Trustee of the Y&T INY FAMILY TRUST
dated June 8, 1994; NOAM SCHWARTZ,
Trustee of the NOAM SCHWARTZ TRUST
dated August 19, 1999; D.M.S.I., LLC, a
Nevada limited liability company; and DOES
1 through 10, inclusive,

    Defendants.

2:12-CV-01781-LRH-PAL

ORDER

    This is a foreclosure case. Before the court is defendants 27th & Southern Holding, LLC, Yoel Iny (individually and as trustee of the Y&T Iny Family Trust), Noam Schwartz (individually and as trustee of the Noam Schwartz Trust), and D.M.S.I., LLC's ("Defendants'") motion to stay proceedings (#7[1]). Defendants have also filed a motion to shorten time with respect to the motion to stay (#8).

//

---

[1] Refers to court's docket entry number.

Plaintiff Branch Banking and Trust Company ("BB&T") bought Defendants' mortgage from the Federal Deposit Insurance Corporation in August 2009. After foreclosing on Defendants' property, BB&T initiated this action for a deficiency judgment in October 2012.

In 2011, the Nevada legislature passed AB 273, a bill limiting the amount of deficiency judgments (among other things). Nevada state courts have issued conflicting rulings on whether AB 273 applies retroactively. *Compare BB&T v. Nielsen*, A-09-602382-C (Dist. Ct. Nev. Feb. 12, 2012) *with CML-NV Sandpointe, LLC v. Sandpointe Apartments, LLC*, A-11-644055-B (Dist. Ct. Nev. Oct. 24, 2011). In particular, these courts have disagreed as to whether the limitation on deficiency judgments applies to contracts entered before June 10, 2011. *See Sandpointe*, A-11-644055-B at *p. 7. The Nevada state cases are currently on appeal to the Nevada Supreme Court. *See BB&T v. Nielsen*, 60256 (Nev. 2012); *Sandpointe Apartments, LLC v. District Court*, 59507 (Nev. 2012). And the Nevada Supreme Court has stayed similar cases pending the resolution of these appeals. *See, e.g., BH Family Partners Sunset Pad v. Dist. Ct.*, 61123 (Nev. Aug, 7, 2012).

In part based on these stays, Defendants now move for a stay in the instant case. Defendants also base their request for a stay on the similarity of legal issues here and in the pending Nevada appeals, as well as on the lack of prejudice to BB&T.

A district court's discretion to control its own docket–including through the issuance of stays–is broad, but not unlimited. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court must balance the competing interests affected by a stay, including the "hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005). Moreover, a court should not grant a stay pending the resolution of other proceedings "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id*. at 1111. Nor should a court grant a stay absent a showing of hardship if "there is even a fair possibility that the stay . . . will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

2

1   Here, a stay is warranted. First, the legal issues in both the state appeals and the present case
2   are similar. The resolution of the state appeals will set the law this court, sitting in diversity
3   jurisdiction, is bound to apply. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). A stay
4   therefore avoids the possibility of piecemeal litigation and inconsistent outcomes. *See Colorado*
5   *River Water Conservation District v. United States*, 424 U.S. 800 (1976) (noting that "on
6   considerations of wise judicial administration, giving regard to conservation of judicial resources
7   and comprehensive disposition of litigation," a federal court may stay proceedings in front of it
8   pending resolution of a state case). And "[a] trial court may, with propriety, find it is efficient for
9   its own docket and the fairest course for the parties to enter a stay of an action before it, pending
10  resolution of independent proceedings which bear upon the case." *Pate v. DePuy Orthopaedics,*
11  *Inc.*, 2012 WL 3532780 at *2 (D. Nev. Aug. 14, 2012) (quoting *Leyva v. Certified Grocers of*
12  *California, Ltd.*, 593 F.2d 857, 863 (9th Cir.1979)).

13  Second, Defendants have adequately demonstrated that BB&T will not suffer "hardship or
14  inequity" as a result of a stay. BB&T owns "hundreds of Nevada-based mortgage-backed
15  commercial loans" and is engaged in more than a dozen different Nevada foreclosure cases.
16  (Defendants' Mot. for Stay #7, Ex. C at p. 4:17-18.) Indeed, BB&T is a party to one of the Nevada
17  state appeals, and it has filed an amicus brief in another. (*See id*. at Ex. C, pp. 3-5.) BB&T's
18  evident interest in a settled and consistent interpretation of AB 273's meaning weighs in favor of a
19  stay pending such an interpretation.

20  Third, the Nevada state appeals are likely to be "concluded within a reasonable time." *See*
21  *Lockyer*, 398 F.3d at 1111. The Nevada Supreme Court has already heard oral argument in these
22  cases. *See* Nevada Supreme Court, Oral Argument Synopsis (Oct. 1, 2012), *online at*
23  http://www.nevadajudiciary.us/index.php/oralarguments/1654-monday-october-1-2012-las-vegas-
24  full-court. And the Nevada Supreme Court's willingness to issue stays in similar cases suggests that
25  the Court expects to resolve these appeals soon. A stay is therefore warranted.
26  //

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Proceedings (#7) is GRANTED. This action is hereby STAYED pending the resolution of proceedings in state court. Defendants shall file a notice to the court of the Nevada Supreme Court's decision and a motion to lift the stay within ten (10) days of the Nevada Supreme Court's decision.

IT IS FURTHER ORDERED that Defendants' Application for Order Shortening Time for Defendants' Motion to Stay Proceedings (#8) is DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE