UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRANCH BANKING AND TRUST COMPANY, a North Carolina corporation,

Plaintiff,

v.

27TH & SOUTHERN HOLDING, LLC, a Nevada limited liability corporation, YOEL INY; NOAM SCHWARTZ; YOEL INY, Trustee of the Y&T INY FAMILY TRUST dated June 8, 1994; NOAM SCHWARTZ, Trustee of the NOAM SCHWARTZ TRUST dated August 19, 1999; D.M.S.I., LLC, a Nevada limited liability company; and DOES 1 through 10, inclusive,

Defendants.

2:12-CV-01781-LRH-PAL

ORDER

This is a foreclosure case. Before the court is plaintiff Branch Banking and Trust Company's ("BB&T") Motion to Reconsider Order to Stay (#12[1]). Defendants 27th & Southern Holding, LLC, Yoel Iny (individually and as trustee of the Y&T Iny Family Trust), Noam Schwartz (individually and as trustee of the Noam Schwartz Trust), and D.M.S.I., LLC ("Defendants") have responded (#13), and BB&T has replied (#14).[2]

---

[1] Refers to the court's docket entry number.

[2] This action is substantially similar to another action pending before the court, *BB&T v. Eloy* (continued...)

**I. Facts and Procedural History**

Plaintiff Branch Banking and Trust Company ("BB&T") bought Defendants' mortgage from the Federal Deposit Insurance Corporation in August 2009. After foreclosing on Defendants' property, BB&T initiated this action for a deficiency judgment in October 2012.

In 2011, the Nevada legislature passed AB 273, a bill limiting the amount of deficiency judgments (among other things). Nevada state courts have issued conflicting rulings on whether AB 273 applies retroactively. *Compare BB&T v. Nielsen*, A-09-602382-C (Dist. Ct. Nev. Feb. 12, 2012) *with CML-NV Sandpointe, LLC v. Sandpointe Apartments, LLC*, A-11-644055-B (Dist. Ct. Nev. Oct. 24, 2011). In particular, these courts have disagreed as to whether the limitation on deficiency judgments applies to contracts entered before June 10, 2011. *See Sandpointe*, A-11-644055-B at *p. 7. The Nevada state cases are currently on appeal to the Nevada Supreme Court. *See BB&T v. Nielsen*, 60256 (Nev. 2012); *Sandpointe Apartments, LLC v. District Court*, 59507 (Nev. 2012). Oral argument in these cases took place on October 1, 2012. *See* Nevada Supreme Court, Oral Argument Synopsis (Oct. 1, 2012), *online at* http://www.nevadajudiciary.us/index.php /oralarguments/1654-monday-october-1-2012-las-vegas-full-court.

On December 13, 2012, the court granted Defendants' motion to stay proceedings in this action based on the pending Nevada Supreme Court decision. The court determined that the Nevada Supreme Court's decision would bear on the law that this court, sitting in diversity, is bound to apply; that BB&T would not suffer hardship or inequity as a result of the stay; and that the Nevada Supreme Court's decision was likely to appear "within a reasonable time." (Order #10, p. 3.) On January 1, 2013, BB&T moved the court to reconsider its order granting the stay.

///

///

---

[2](...continued)
*Business Park, LLC et al.*, 2:12-CV-01679-LRH-PAL. Indeed, both BB&T and Defendants filed nearly identical papers in both cases. Thus, the court issues the same order (with some minor modifications) in each action.

## II. Legal Standard

Contrary to the parties' assertions, a motion for relief from an interlocutory order does not fall under Federal Rule of Civil Procedure 60. Fed. R. Civ. P. 60 advisory committee notes ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule.") Rather, such a motion is addressed to the court's inherent power to reconsider and modify such orders. *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (Ginsburg, J., dissenting). Motions for reconsideration are an "extraordinary remedy, to be used sparingly," and they will not usually be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. Discussion

Here, none of the *Kona Enterprise* factors warrant reconsideration of the court's stay. BB&T argues that the legal issues before this court and those before the Nevada Supreme Court are dissimilar, that BB&T will suffer hardship in the form of delayed monetary judgment, and that the Nevada Supreme Court may delay its decision unreasonably. Even assuming these arguments all assign "clear error" to the court's prior order (they certainly do not present newly discovered evidence or an intervening change in controlling law), BB&T's arguments fail.

First, BB&T assumes that the presence here of legal issues not before the Nevada Supreme Court renders the stay inappropriate. BB&T then marshals a parade of legal horribles contingent on the Nevada Supreme Court's decision: whether the retroactive application of AB 273 violates the Contracts Clause of the Constitution; whether such application violates the Supremacy Clause; whether AB 273 applies to the FDIC. Yet these questions read as a brief in favor of the stay: why should this court risk an erroneous prediction of Nevada law—after the Nevada Supreme Court has already considered arguments on the very issue the court is tasked with predicting—upon which so many thorny legal issues depend? BB&T's failure to answer this question satisfactorily is fatal to

its motion. Furthermore, the legal issues in the two proceedings need not be identical. "True, a decision in the cause [now] pending in [the Nevada Supreme Court] may not settle every question of fact and law in [this suit], but in all likelihood it will settle many and simplify them all." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).

Second, BB&T claims hardship as a result of delayed monetary judgment. However, "a delay in monetary recovery" is not the type of hardship that defeats an otherwise appropriate stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (discussing *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)). BB&T bemoans the fact that Defendants' debt has been due and owning to BB&T since 2009, but BB&T only filed suit in October 2012. BB&T laments that Defendants' other creditors may get to Defendants' assets first, but this risk is common to any "delay in monetary recovery." In short, BB&T has failed to demonstrate hardship apart from that incident to delayed monetary judgment, and that sort of hardship is not enough to warrant reconsideration.

Finally, BB&T argues that the court erred in concluding that it was likely that the Nevada Supreme Court "expects to resolve [the AB 273] appeals soon." The court made this prediction in December 2012; it is now August 2013, and the Nevada Supreme Court has not resolved these appeals. The court is not, evidently, Miss Cleo.[3] However, even a year-long stay is reasonable when courts must sort complex issues and when money alone is at stake. *See Landis*, 299 U.S. at 256. And stays are especially warranted "in cases of extraordinary public moment . . . if the public welfare or convenience will thereby be promoted." *Id*. Here, the AB 273 appeals concern potentially extraordinary relief to homeowners in one of the states hit hardest by 2008's housing crisis. As in *Landis*, numerous cases involving the issues raised by AB 273 (and relevant to this action) have been filed in multiple jurisdictions. Unlike *Landis*, these cases involve issues of state law, and "[n]eedless decisions of state law should be avoided both as a matter of comity and to

---

[3] Perhaps further reason the court ought to abstain from predicting Nevada law in this instance.

promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, at least until the stay's duration reaches one year, the delay to BB&T is "not immoderate." *Landis*, 299 U.S. at 256.

IT IS THEREFORE ORDERED that BB&T's Motion to Reconsider Order to Stay (#12) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of August, 2013.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE